IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILLIP G. MORRIS PLAINTIFF

v. CIVIL NO. 07-2104

MICHAEL J. ASTRUE, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Phillip G. Morris brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on July 20, 2004, alleging an inability to work since October 22, 2004, due to generalized anxiety disorder, a personality disorder and a chemical imbalance.[1] (Tr. 14, 41, 64, 101, 163). An administrative hearing was held on October 19, 2006. (Tr. 170-194).

[1] Plaintiff amended his alleged onset date to October 22, 2004, at the administrative hearing before the ALJ on October 19, 2006. (Tr. 173-174).

By written decision dated November 21, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of exertional work activities. From a mental standpoint, the ALJ determined plaintiff would not be able to understand, remember, and carry out complex job instructions. The ALJ found plaintiff is moderately limited in his ability to understand, remember and carry out detailed job instructions. With regard to simple unskilled work, the ALJ found plaintiff is capable of working in coordination of others (including co-workers and supervisors). The ALJ further found plaintiff is capable of understanding, remembering and carrying out simple job instructions and performing the other requirements of unskilled work so long as plaintiff is not expected to interact with the general public. (Tr. 17). With the help of a vocational expert, the ALJ determined plaintiff could perform his past relevant work as a dishwasher and other work as a janitor and grounds keeper. (Tr. 19).

Plaintiff then requested a review of the hearing by the Appeals Council, which denied that request on July 27, 2007. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. No. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. No. 9,11).



AO72A
(Rev. 8/82)

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.



AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III. Discussion:**

After reviewing the record, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual



AO72A
(Rev. 8/82)

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The Code of Federal Regulations sets forth additional factors, to assist the ALJ in determining what weight should be afforded to the opinion of a given physician, including a treating physician. The Regulations encourage the ALJ to afford more weight to those opinions which are "more consistent with the record as a whole." 20 C.F.R. § 416.927(d)(4). More weight is also to be extended to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(d)(5). When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the plaintiff's impairments. 20 C.F.R. § 416.927(d)(2)(ii). Additionally, the ALJ must either attempt to reconcile the medical reports of the treating physicians with those of the consulting physicians, or direct interrogatories to each of the physicians to obtain a more substantiated opinion of the plaintiff's capabilities and the onset of his disabilities. See *Smith v. Schweiker,* 728 F.2d 1158, 1163 (8th Cir.1984); *O'Leary v. Schweiker,* 710 F.2d 1334, 1342 (8th Cir.1983); *Funderburg v. Bowen* 666 F.Supp.1291, 1298 -1299 (W.D.Ark.,1987).

In making the RFC determination, the ALJ appears to be relying on the RFC assessments completed by Drs. Dan Donahue and Kathryn Gale, non-examining medical consultants, on



AO72A
(Rev. 8/82)

November 8, 2004, and December 22, 2004, respectively. (Tr. 115-134). *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Specifically, the ALJ found Drs. Donahue's and Gale's opinion that plaintiff was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length or rest periods was supported by the evidence of record. (Tr. 116). The ALJ further found Drs. Donahue's and Gale's opinion that plaintiff was not significantly limited in his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes to be supported by the evidence of record.

In finding support in Dr. Donahue's and Gale's opinions the ALJ declined to give substantial weight to Dr. Ahn's, a treating physician,[2] September 21, 2006, Mental Medical Source Statement opining plaintiff had moderate limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and to respond appropriately to changes in the work setting; and marked limitations in the ability to work in coordination with or proximity to others without being distracted by them. (Tr. 136-137). The ALJ further declined to give weight to Dr. Ahn's opinion that plaintiff would have marked difficulty functioning in social settings and around groups of people. (Tr. 138). The ALJ found Dr. Ahn's opinion was not credible as the opinion was based "at least in large part,"on

---

[2]Medical records reveal plaintiff began treatment at Red Rock Behavioral Health Services on April 21, 2005, and continued through October 13, 2005, and then returned for treatment in August of 2006. (Tr. 139-148).



AO72A
(Rev. 8/82)

plaintiff's subjective complaints and that plaintiff had not been compliant with his medication. (Tr.13 ).

A review of the record reveals that in October of 2004, plaintiff underwent a consultative examination performed by Dr. Denise LaGrand. (Tr. 108-114). After examining plaintiff, Dr. LaGrand stated as follows:

> Mr. Morris's ability to handle the stress of a work setting or deal with supervisors or co-workers is below average. His ability to understand, remember and carry out instructions is low average. His social anxiety and poor social skills will interfere with his ability to keep employment. He will have difficulty functioning in most work settings.

(Tr. 114).

The record further reveals plaintiff reported having difficulty getting along with others especially if he feels people are "griping" at him. (Tr. 83). Plaintiff reported he had not been fired for not getting along with others but he had quit a job due to conflicts with others. (Tr. 84). The record reveals plaintiff's complaints of having difficulty dealing with people when he believes he is right. (Tr. 83). Plaintiff also reported having difficulty with nerves and anxiety, that has resulted in his pulling out his facial hair and biting his nails, when he felt he was being pushed by his employer. (Tr. 176).

Plaintiff's report of having difficulty being around people, including co-workers, is clearly supported by the medical opinions of both Drs. LaGrand and Ahn, the only examining medical physicians of record. The ALJ's failure to reconcile Drs. LaGrand's and Ahn's opinion regarding plaintiff's ability to work in most work settings with the RFC is particularly troubling because the vocational expert testified that a person with marked difficulty dealing with others in social settings and moderate difficulties with getting along with others and working on a



AO72A
(Rev. 8/82)

schedule would not be able to perform any jobs in the national economy. (Tr. 192). After thoroughly reviewing the record, we do not find substantial evidence to support the ALJ's determination that plaintiff is capable of working in coordination with others, including co-workers and supervisors.

We believe remand is warranted so that the ALJ can re-evaluate plaintiff's mental RFC. Prior to making a new RFC determination we believe the ALJ should more fully and fairly develop the record. We direct the ALJ to address interrogatories to the physicians who have evaluated and/or treated plaintiff– including, Drs. LaGrand and Ahn-- asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. The ALJ may also order a consultative psychological examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).



AO72A
(Rev. 8/82)

DATED this 16th day of July, 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)